UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

GERARDO ANTONIO SEGUI, )
)
    Petitioner, ) Civil Action No. 13-CV-325-KKC
)
V. )
) **MEMORANDUM OPINION**
FRANCISCO QUINTANA, Warden, ) **AND ORDER**
)
)
    Respondent.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Gerardo Antonio Segui is an inmate confined in the Federal Medical Center in Lexington, Kentucky. Proceeding *pro se*, Segui has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the constitutionality of the prison sentence he is presently serving. Because a § 2241 petition is not the proper manner of obtaining the relief sought, the petition will be denied.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Segui's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Segui's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On June 22, 1999, Segui was indicted in the United States District Court for the Southern District of Florida for knowingly and willfully possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See United States v. Gerardo Antonio Segui*, No. 99-cr-0452 (S.D. Fla) [R. 9 therein] . Segui pled not guilty, proceeded to a jury trial, and was found guilty of the charged offense. [*Id*., at R. 47 therein] On November 19, 1999, Segui was sentenced and received a 235-month prison sentence, to be followed by a 5-year term of supervised release. [*Id*., at R. 57 therein]

Segui appealed, but the Eleventh Circuit Court of Appeals affirmed his conviction. [*Id.*, at R. 74 therein]; *see also United States of America v. Gerardo Antonio Segui,* 253 F.3d 708 (11th Cir., April 10, 2001). Thereafter, on February 15, 2002, Segui moved pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct his sentence. [*Id*., at R. 75 therein]. In that motion, Segui asserted two claims: (1) that the court erred in applying a 2-level enhancement under § 2D1.1(b)(1), resulting in a 47-month increase in his sentence, and (2) that his counsel was ineffective for failing to object to that enhancement at trial and on appeal. The trial court found no merit to Segui's claims and denied same. [*Id*., at R. 76 therein] Thereafter, on August 15, 2008, Segui moved for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) [*Id*., at R. 87 therein]. The trial court denied on September 19, 2008, because Segui's sentence was based solely on powder cocaine; therefore, 18 U.S.C. § 3582(c)(2) did not apply to him. [*Id*., at R. 90 therein].

On September 26, 2013, Segui filed the subject habeas petition. [R. 1]

## II

Segui is not raising any claims that fall under the purview of Section 2241 (*i.e.*, aspects regarding the execution of his sentence, such as the computation of sentence credits or parole eligibility). *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he alleges that he was unlawfully convicted and sentenced because the indictment failed to charge an amount of "mixture or substance" involved in the alleged offense; therefore, (1) he was subject only to a mandatory minimum five-year sentence, (2) the present 235-month sentence was unlawfully imposed, and (3) because he has already been incarcerated for more than five years, he is in custody in violation of the Fifth Amendment to the U.S. Constitution. On that premise, Segui requests that his sentence be vacated and that he be released from custody immediately.

In support of this claim, Segui appears to rely on the recent decision of the U.S. Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), rendered on June 17, 2013, decided after Segui's conviction became final. However, § 2241 is not the mechanism for making this claim. Rather, as a general rule, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Civ No. 4:10-36, at *6 (E.D. Tenn. Aug. 17, 2010). In *Terrell*, the Sixth Circuit explained the difference between the two habeas statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Id*. (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge his conviction under § 2241 instead of § 2255 under certain limited circumstances. For example, a prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id*. However, "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Under this framework, Segui fails to demonstrate that a remedy under § 2255 was inadequate or ineffective to challenge his federal detention. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003). The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion.[1] *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). In other words, § 2241 is not an additional, alternative, or supplemental remedy to the one provided by § 2255. *Charles*, 180 F.3d at 758. Therefore, a petitioner's claims such as those that Segui asserts here must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *See Charles*, 180 F.3d at 757.[2]

---

[1]Segui states that he was not authorized to file a second or successive § 2255 motion. [R. 1, p. 5]

[2] To the extent that Segui is claiming that his 235-month prison sentence violates the Fifth and/or Sixth Amendments, he can not proceed because he is not claiming that he is actually innocent of the underlying drug offense on which he was convicted. *See Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

4

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Gerardo Antonio Segui's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered in favor of the Respondent.

Dated this 22nd day of January, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY